UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| COLLEEN O'DONNELL )<br>Plaintiff )<br> )<br>v. )<br> )<br> )<br>JOHN ASCHROFT IN HIS OFFICAL )<br>CAPACITY AS ATTORNEY GENERAL )<br>of the UNITED STATES AND HEAD OF )<br>DEPARTMENT OF JUSTICE AND )<br>FEDERAL BUREAU OF PRISONS )<br>Defendant )<br> ) | **COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br>**04-40190** |

## JURISDICTION

1. This action is authorized and instituted under §706 Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000-e, *et seq*, and 29 U.S.C. §701 *et. seq.* of the Rehabilitation Act of 1973. Jurisdiction is founded at U.S.C. §1331 and §1337.

2. The unlawful discrimination and employment practices alleged below were committed on Federal Bureau of Prisons property at FMC Devens within the Commonwealth of Massachusetts.

## PARTIES

3. The Plaintiff, Colleen O'Donnell is a female citizen of Massachusetts and resides in Leominster, MA.

4. At all times relevant hereto, the Plaintiff was an employee of the Federal Bureau of Prisons, Federal Medical Center, Devens (hereinafter referred to as "FMC Devens") located in Ayer, Massachusetts.

RECEIPT # 204407
AMOUNT $ 150.00
SUMMONS ISSUED 3
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. KH
DATE 9-22-04

1

5. The Defendant, Federal Bureau of Prisons ("BOP") is an agency of the Federal Government Department of Justice, which is headed by Attorney General John Aschroft.

## STATEMENT OF FACTS

6. On or about August 30, 1998 Colleen O'Donnell (hereinafter referred to as "Plaintiff") began her career as a Corrections Officer with the BOP and was assigned to FMC Devens in Ayer, MA.

7. David Reynoso (hereinafter referred to as "Reynoso") is also an employee of the BOP and was a co-worker of the Plaintiff. The Plaintiff and Reynoso engaged in a dating relationship

8. Throughout Plaintiff's relationship with Reynoso, he abused her both physically and mentally. On April 8, 2002, Plaintiff and Reynoso left FMC Devens property and went off-site to discuss their relationship problems. Reynoso then physically assaulted the Plaintiff, pushing her, kicking her, and otherwise inflicting bodily harm upon her.

9. Plaintiff reported this incident to her Supervisor, Mr. Fernando Messer, to Captain Michael Bollinger, and to the Massachusetts State Police. Following her meeting with the State Police, the Plaintiff spoke to the Warden, David L. Winn, of FMC Devens and the Human Resource Manager, Ms. Cindy Lord. The Plaintiff was at this time granted administrative leave for two days.

10. Reynoso was arrested at his home on April 8, 2002 and Plaintiff obtained an emergency restraining order against him.

11. When Plaintiff returned to work she learned that her hours and duties had been changed and she was re-assigned to the mailroom. Reynoso's duties and assignment remained the same.

12. In addition to the changes to her hours and assignment, Plaintiff was otherwise subjected to unequal terms and conditions of employment based upon her gender. Many of the

procedures of the institution no longer applied to the Plaintiff; she had to follow different procedures than other employees.

13. Plaintiff complained about the changes to her hours, duties and assignment to her supervisors. No changes were made nor were any corrective actions taken.

14. Plaintiff advised her supervisors of threats made against her by Reynoso.

15. The Plaintiff's supervisors did not believe her and instead blamed her for the assault committed upon her and otherwise made comments in support of Reynoso and against the Plaintiff. The Plaintiff was told by Supervisors that the Warden believed Reynoso innocent until proven guilty.

16. Plaintiff was granted a 10-day temporary restraining order against Reynoso in the Malden District Court. The order was extended for a one year period of time. This restraining order was renewed upon expiration for an additional year and recently expired on April 23, 2004.

17. Despite the restraining order, Supervisors allowed and/or ordered Reynoso to perform job duties that were in violation of the restraining order; duties which brought him in proximity of the Plaintiff, including but not limited to, assigning them to training together and allowing Reynoso to shoot a weapon.

18. On or about April 24, 2002 the Plaintiff met with the Associate Warden, Jerry Martinez, a union steward, and an individual from Human Resources expressing concern over her safety in the workplace. Reynoso continued to have free reign of the institution and access to the Plaintiff and her personal information. Plaintiff advised her supervisors that Reynoso had watched Plaintiff on security monitors in the past and had made threatening remarks to her.

19. On or about June 11, 2002 the Plaintiff met with an Employee Assistance counselor who advised the Plaintiff that she did not believe it was safe for her to return to work given Reynoso's continued presence in the Plaintiff's workplace. The EAP counselor recommended that Plaintiff request an additional assessment of workplace violence.

20. The Plaintiff expressed fears for her safety to FMC Devens officials on more than one occasion. Each time her fears were disregarded.

21. Plaintiff was advised by supervisors that she could no longer work overtime without seeking special permission so that she would not come into contact with Reynoso. Reynoso was free to work all the overtime he desired.

22. On or about January 3, 2003, Reynoso pled to sufficient facts for a finding of guilty to domestic assault and battery with a dangerous weapon in Ayer District Court. Plaintiff advised the Warden of these events the same day.

23. The warden continued to ignore the Plaintiff's fears for her safety; continued to restrict Plaintiff's hours of work, assignment, and overtime; and continued to allow Reynoso free reign at the institution.

24. Domestic Assault & Battery with a dangerous weapon is a terminable offense.

25. Other Bureau of Prison employees have been terminated for the same conduct committed by Reynoso.

26. The Warden refused to terminate, suspend, remove or transfer Reynoso and continued to restrict Plaintiff instead.

27. When Plaintiff requested that Reynoso be removed or restricted so that she could feel safe in her position she was denied, disregarded and otherwise treated with disdain by supervisors.

28. On or about January 8, 2003 Plaintiff's physician wrote a letter indicating that Plaintiff had been diagnosed with Post Traumatic Stress Disorder. The letter further indicated that Plaintiff was totally disabled and unable to work at her current job due to the presence of Reynoso in the institution in the vicinity of the Plaintiff.

29. Thereafter Bureau of Prisons Supervisors retaliated against Plaintiff for her continued complaints regarding being subjected to unequal terms and conditions of employment and regarding her safety concerns.

30. When the Plaintiff became unable to work due to her disability she was placed on Absent Without Leave status despite the fact that FMC Devens was well informed of her medical condition and the situation surrounding Plaintiff's medical condition. Plaintiff was placed on unpaid Absent Without Leave status from February 3, 2003 to June 10, 2003.

31. The Plaintiff requested various other forms of leave including advance sick leave, leave without pay and administrative leave. She also applied for the Voluntary Leave Transfer Program. Plaintiff was denied any and all forms of the leave that she requested, despite the fact that other employees were willing to donate their sick time to her.

32. The Plaintiff requested reasonable accommodations on numerous occasions so that she might be able to return to her assigned duties. The Defendant refused and no conversation or investigation was conducted by the Defendant to attempt to determine what type of accommodation might be appropriate and acceptable to enable the Plaintiff to feel safe in her work environment and thereby alleviate the symptoms of her post traumatic stress disorder.

33. On or about June 11, 2003, having been out of work without pay and without contact or exposure to Reynoso for over four months, the Plaintiff was cleared by her physician to return to work.

34. Upon Plaintiff's return to work on June 16, 2003 she discovered that the side of the mailroom had been painted with vulgar statements regarding her. The Plaintiff believed that this illegal action had been perpetrated by Reynoso and believed it to be a further threat to her safety made by Reynoso. Plaintiff suffered a relapse of her condition due to this event, and on June 18, 2003 her physician wrote an additional note to the Defendant. The note stated because of the re-traumatization, the Plaintiff was again totally disabled due to her Post-Traumatic Stress Disorder.

35. Plaintiff again requested reasonable accommodations and applied for Leave Without Pay which was approved through August 11, 2003. Thereafter Plaintiff was again denied Leave Without Pay and was placed on unpaid Absent Without Leave status.

36. The Plaintiff was subsequently investigated and disciplined for being Absent Without Leave from February 3, 2003 – June 10, 2003 and from August 11, 2003 – November 20, 2003. Prior to the events recounted herein, Plaintiff had never been disciplined and was generally considered to be an exemplary employee.

37. Reynoso continues to attempt to intimidate the Plaintiff and otherwise make her feel uncomfortable. Plaintiff reported Reynoso's conduct to Tony Amico, Assistant Inmate Systems Manager, however no action was taken against him.

38. On or about January 21, 2003, the Plaintiff contacted an EEO counselor. A formal EEO Complaint making allegations of disability and gender discrimination as well as alleging

sexual harassment and retaliation was filed on behalf of the Plaintiff or about March 31, 2003.

39. More than 180 days have elapsed since the date the Plaintiff filed her formal EEO Complaint and no final action has been taken by the EEO Office.

## COUNT I—SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE UNITED STATES CIVIL RIGHTS ACT OF 1964

40. The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1—39 above, as if fully set forth herein.

41. The conduct of the Defendant through its agents supervisors and employees, as described above, constitutes unlawful discrimination prohibited by 42 U.S.C. §2000-e, such that the Defendant is liable to Plaintiff thereunder in damages and other relief as set forth below.

42. The Defendant, through its employees, engaged in the discriminatory conduct and practices alleged herein with malice or with reckless indifference to the Plaintiff's federally protected rights, and the Defendant is therefore subject to the imposition of punitive damages pursuant to 42 U.S.C. §1981a(b).

## COUNT II—HANDICAP DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

43. The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1—42 above, as if fully set forth herein.

44. At all times relevant, the Plaintiff was capable of performing the essential functions of her job or would have been, and would be capable of performing the essential functions of said job with a reasonable accommodation.

45. At all relevant times hereto, Plaintiff suffered from a disability, Post-traumatic stress disorder.

46. Defendant discriminated against Plaintiff by subjecting her to unequal terms and conditions of employment.

47. Despite Defendant's knowledge that Plaintiff suffered from a disability, the Defendant made no attempt and/or otherwise failed to offer the Plaintiff any reasonable accommodation.

48. The Plaintiff has suffered damages as a result of the Defendant's conduct.

49. The Defendant, through its employees, engaged in the discriminatory conduct and practices alleged herein with malice or with reckless indifference to the Plaintiff's federally protected rights, and the Defendant is therefore subject to the imposition of punitive damages pursuant to 42 U.S.C. §1981a(b).

## COUNT III—RETALIATION FOR ACTIVITIES PROTECTED BY TITLE VII IN VIOLATION OF FEDERAL LAW

50. The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1—49 above, as if fully set forth herein.

51. The conduct of the Defendant, through its agents and employees as described above, constitutes unlawful retaliation prohibited by 42 U.S.C. §2000-e *et. seq.*

52. The Defendant, through its agents and employees engaged in the discriminatory practices alleged with malice or with reckless indifference to Plaintiff's federally protected rights.

53. The Defendant is therefore liable to the Plaintiff and is subject to the imposition of punitive damages pursuant to 42 U.S.C. §1981a(b).

WHEREFORE, the Plaintiff respectfully prays for:

    A.    Judgment against the Defendant;

    B.    Backpay and interest thereon;

    C.    Compensatory damages in an amount no less than $500,000;

D.  Punitive damages in an amount no less than $500,000;

E.  Reasonable attorney's fees;

F.  The costs of bringing this action;

G.  Prejudgment interest;

H.  Such further relief as is just and equitable.

## THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

THE PLAINTIFF
COLLEEN O'DONNELL

BY HER ATTORNEY

Dated: September 21, 2004

*/s/ Dawn D. McDonald*
Dawn D. McDonald, Esq.
BBO#: 647256
COOLEY, SHRAIR, P.C.
1380 Main Street, 5th Floor
Springfield, MA 01103
Tel: (413) 781-0750
Fax: (413) 733-3042

65210

**04-40190**

≈JS 44   (Rev. 3/99)   CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** O'Donnell, Colleen

**DEFENDANTS** Federal Bureau of Prisons, Department of Justice, John Ashcroft Attorney General

**(b)** County of Residence of First Listed Plaintiff  Worcester County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dawn D. McDonald, Esq.
Cooley, Shrair, P.C. 1380 Main St., 5th Floor
Springfield, MA   (413) 781-0750

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General / ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. sec. 2000 et. seq. and 29 U.S.C. sec. 701 et.seq. Discrimination and retaliation based upon gender and disability

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $500,000   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____   DOCKET NUMBER ____

DATE ____   SIGNATURE OF ATTORNEY OF RECORD ____

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Colleen O'Donnell v. John Ashcroft, et. als.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   04-40190

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☒   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☒   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Dawn D. McDonald
ADDRESS  1380 Main Street 5th Floor, Springfield, MA 01103
TELEPHONE NO.  413-781-0750

(Coversheetlocal.wpd - 10/17/02)