UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COLLEEN O'DONNELL,**     )<br>                            )<br>        Plaintiff,           )<br>                            )<br>        v.                  )<br>                            )<br>**JOHN ASHCROFT,** ATTORNEY   )<br>GENERAL, U.S. DEPARTMENT    )<br>OF JUSTICE,                 )<br>                            )<br>        Defendant.          ) | Civil Action No: 04-40190-FDS |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant JOHN ASHCROFT, in his official capacity as Attorney General for the United States of America, and as the head of the U. S. Department of Justice, Federal Bureau of Prisons, Federal Medical Center, Devens, Massachusetts, responds to the Complaint of Plaintiff Colleen O'Donnell as follows:

### FIRST AFFIRMATIVE DEFENSE

#### Jurisdiction

1.  Paragraph 1 contains allegations that constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

2.  Defendant admits only that the United States Department of Justice, Federal Bureau of Prisons ("BOP"), Federal Medical Center Devens ("FMC Devens") is located in Massachusetts,

1

and that Plaintiff's cause of action purportedly arises out of her employment at FMC Devens.

## Parties

3. Defendant admits only that Plaintiff is female. Defendant lacks knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations concerning Plaintiff's residence and citizenship. To the extent a response is required, Defendant admit that the Plaintiff's mailing address as represented to FMC Devens is 56 Chester Street, Malden, Massachusetts.

4. Defendant admits that Plaintiff is an employee of FMC Devens; however, Defendant denies that the allegations contained in Paragraph 4 existed "at all times relevant hereto."

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## Allegations

6. Defendant admits that Plaintiff began her employment as a Correctional Officer with the BOP at FMC Devens ("BOP/FMC Devens") on or about August 30, 1998.

7. Defendant admits only that David Reynoso is employed by the BOP/FMC Devens. Defendant lacks knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations concerning Plaintiff's purported

relationship with Mr. Reynoso.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits only that Plaintiff's supervisor, Fernando Messer, spoke to Plaintiff about the purported incident between her and Mr. Reynoso. Defendant also admits that Mr. Messer advised Plaintiff to speak with the Massachusetts State Police, and that BOP/FMC Devens granted Plaintiff a two-day administrative leave. Because Plaintiff did not specify times and dates for her alleged meetings with Warden David Winn and Cindy Lord, Defendant lacks knowledge and information sufficient to form a belief as to the truth of those allegations. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits only that Mr. Reynoso was arrested on April 8, 2002, and that Plaintiff later obtained a restraining order against him. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that the Warden David Winn took

    appropriate actions to ensure that Mr. Reynoso and Plaintiff did not work in each other's physical presence. Defendant admits that BOP/FMC Devens adjusted the schedules of both Mr. Reynoso and Plaintiff to ensure they were kept separate. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits only that Plaintiff has made various complaints about her hours, duties, and assignments. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies that Plaintiff informed her supervisors that Mr. Reynoso made specific threats against her. Defendant lacks knowledge and information sufficient to form a belief as to the truth of whether Mr. Reynoso made threats against Plaintiff.

15. Defendant admits only that Warden David Winn has acknowledged that the law states that criminal defendants are entitled to a presumption of innocence prior to a finding of guilt. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits only that the BOP has received copies of Abuse Protection Orders in Docket Number 1783499/ 02 50 RO-

228 (Trial Court of Massachusetts), which speak for themselves. Defendant also admits that the Abuse and Prevention Order was vacated on April 22, 2004.

17. Defendant admits only that the BOP restricted Mr. Reynoso's work at FMC Devens to be in accordance with the Abuse Protection Order referenced above in Defendant's response to Paragraph 16 of the Complaint. Defendant also admits that the Abuse Protection Order permitted Mr. Reynoso to remain working. Defendant admits that Mr. Reynoso participated in mandatory Annual Refresher Training. Defendant denies that BOP/FMC Devens ordered or allowed Mr. Reynoso to perform duties that violated of the Order of Protection. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits only that Plaintiff and BOP/FMC Devens have had one or more meetings regarding her complaints concerning Mr. Reynoso, including a meeting between the Plaintiff, the Associate Warden, a union steward, and a Human Resources representative. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits only that Plaintiff complained about Mr.

    Reynoso's continued employment at FMC Devens on numerous occasions.  Defendant denies that Plaintiff informed Warden David Winn of any particular threats or safety concerns apart from her requests to have Mr. Reynoso terminated or reassigned.  Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits only that both Mr. Reynoso and Plaintiff were require to advise their supervisors when they were working overtime hours, so that their supervisors could ensure that Mr. Reynoso and Plaintiff were not working in each other's physical presence.  Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits only that the Commonwealth of Massachusetts charged Mr. Reynoso with Assault and Battery with a Dangerous Weapon, and that a hearing was held on January 3, 2003, at the Ayer District Court.  Defendant admits only that Mr. Reynoso pleaded to the charged offense in Docket No. 0248-CR-665, and that Judge Peter J. Kilmartin continued the matter without a finding for a period of 15 months, until April 2, 2004.  Defendant denies that Mr. Reynoso "pled to sufficient facts for a finding of guilty to domestic assault and battery."  Defendant admits Plaintiff sent a memorandum to Warden David Winn, dated January 6,

2003, concerning Mr. Reynoso's hearing on January 3, 2003, which speaks for itself.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies that an arrest for domestic assault and battery with a dangerous weapon is a per se terminable offense for BOP/FMC Devens employees.

25. Paragraph 25 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies that BOP/FMC Devens has terminated employees for the same conduct committed by Mr. Reynoso.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits only that Plaintiff provided BOP/FMC Devens with a conclusory letter purported written by George Milowe, M.D., dated January 8, 2003, which speaks for itself.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge and information sufficient to form a belief as to the truth that Plaintiff has a disability or that she was unable to work due to a disability.  To the extent a response to those allegations is required, Defendant denies those allegations.  Defendant also denies that BOP/FMC Devens was "well informed of her medical condition and the situation surrounding Plaintiff's medical condition."  Defendant admits only that BOP/FMC Devens placed Plaintiff on Absence Without Leave status during her unexcused absence from work from February 3, 2003 to June 10, 2003.

31. Defendant admits only that on January 27, 2003, Plaintiff applied for the Voluntary Leave Transfer Program, and that the appropriate committee ultimately decided to reject her request on February 11, 2003.  Because Plaintiff did not specify times and dates for her alleged "various other forms of leave," Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff requested, or is entitled to, "reasonable accommodations."  Defendant denies the

remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits only that the Plaintiff reported the mail room at FMC Devens as vandalized on June 16, 2003. Defendant lacks knowledge and information sufficient to form a belief as to the truth of what Plaintiff believed. Defendant admits that on June 23, 2003, Defendant received another conclusory letter purportedly written by George Milowe, M.D., concerning Plaintiff's alleged impairment, which speaks for itself.

35. Paragraph 35 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff requested, or is entitled to, "reasonable accommodations." Defendant admits that BOP/FMC Devens placed Plaintiff on Absence Without Leave status whenever she was absent without following leave procedures and/or without receiving approval for the absence. Due to the lack of specificity in the remaining allegations in Paragraph 35, Defendant lacks knowledge and information sufficient to form a belief as to the truth of

those allegations.

36. Defendant admits that BOP/FMC Devens investigated and ultimately disciplined Plaintiff for her failure to follow leave procedures and take unexcused absences from February 3, 2003 through June 16, 2003, and on August 11, 2003 through November 11, 2003. Defendant admits Plaintiff had no prior discipline. Defendant lacks knowledge and information sufficient to form a belief as to whom considered Plaintiff to be an "exemplary employee."

37. Defendant lacks knowledge and information sufficient to form a belief as to whether Mr. Reynoso is intimidating Plaintiff and making her feel uncomfortable outside of work. Defendant denies that such behavior is occurring at work. Defendant denies that Plaintiff informed Tony Amico of any specific threats made by Mr. Reynoso. Defendant also denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits that Plaintiff first contacted an EEO Counselor on January 21, 2003; however, Defendant denies Plaintiff's contact with the EEO Counselor was timely for purposes of Title VII. Defendant further admits that Plaintiff filed a formal complaint with the Defendant on March 31, 2004, which speaks for itself. Defendant denies Plaintiff raised a reprisal claim in her formal complaint.

39. Defendant admits that more than 180 days have elapsed since Plaintiff filed her formal EEO Complaint.  Defendant admits that the United States Department of Justice has not issued a final agency decision on Plaintiff's formal complaint. Defendant denies, however, that Plaintiff has exhausted her administrative remedies.

## COUNT I - SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE UNITED STATES CIVIL RIGHTS ACT OF 1964

40. Defendant hereby restates and incorporates by reference the responses to Paragraphs 1 through 39 above.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT II - HANDICAP DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

43. Defendant hereby restates and incorporates by reference the responses to Paragraphs 1 through 42 above.

44. Paragraph 44 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

45. Paragraph 45 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required.  To the extent a response is required,

    Defendant denies those allegations.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

### COUNT III - RETALIATION FOR ACTIVITIES PROTECTED BY TITLE VII IN VIOLATION OF FEDERAL LAW

50. Defendant hereby restates and incorporates by reference the responses to Paragraphs 1 through 49 above.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

    Defendant also denies each and every allegation to the Complaint not heretofore admitted, denied, or otherwise responded to.

## **ADDITIONAL AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff did not timely exhaust her administrative remedies.

3. Plaintiff's claims are barred to the extent that she fails to set forth a prima facie case of employment discrimination on the basis of sex and/or handicap/disability.

4. Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

5. Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under Title VII and the Rehabilitation Act.

6. Plaintiff waived or should be estopped from asserting some or all of the claims set forth in the Complaint.

7. Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendants, the Plaintiff has failed to mitigate her damages.

8. Plaintiff is barred from raising a claim of handicap/disability discrimination because she is not a qualified handicap person.

9. Plaintiff may not recover punitive damages against Defendants.

10. Plaintiff has not properly served the Defendant.

11. Defendant reserves the right to plead all other defenses which through discovery may become applicable.

WHEREFORE, Defendant, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of her Complaint; and that the Defendant be granted its cost and such further relief as the Court may deem just.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

        By:   /s/ Damian W. Wilmot
             DAMIAN W. WILMOT
             Assistant U.S. Attorney
             John Joseph Moakley Federal Courthouse
             One Courthouse Way, Suite 9200
             Boston, MA  02210
             (617) 748-3100

Dated: December 13, 2004

**CERTIFICATE OF SERVICE**

Suffolk, ss.                    Boston, Massachusetts
                                December 13, 2004

I certify that on December 13, 2004, I caused a copy of the foregoing Answer to be served on Plaintiff's Attorney, Dawn McDonald, Cooley, Shrair, P.C., 1380 Main Street, 5th Floor, Springfield, MA 01103, by first class mail, postage pre-paid.

                    /s/ Damian W. Wilmot
                    DAMIAN W. WILMOT
                    Assistant U.S. Attorney