**EXHIBIT 12**



EXHIBIT
CL 30



RECEIVED
MAY 13 2002
FMC DEVENS
WARDEN'S OFFICE

**Confidential**                    **MEMORANDUM**

TO:     David L. Winn, Warden
CC:     Steve Gagnon, Inmate Systems Manager
        Robert Lora, EEO Counselor
        Mark Shaughnessy, AFGE Chief Steward
FROM:   Colleen O'Donnell 
RE:     Pending Safety Concerns
DATE:   May 13, 2002

---

As you were informed - on April 8, 2002, David Reynoso, an Intelligence Officer employed by Federal Medical Center at Devens ("FMC"), was arrested by the Massachusetts State Police following a violent attack he committed against me earlier that day during our duty-free lunch period. I have been informed that there are charges pending against Mr. Reynoso that include Assault and Battery with a Dangerous Weapon and that a pretrial hearing has been scheduled for May 22, 2002. Additionally, I was granted an Abuse Prevention Order by Malden District Court in order that Mr. Reynoso stays away from me and is prohibited from contacting me. This order is in effect until April 23, 2003.

Subsequent to the above-mentioned incident, I notified you and the following supervisors that I was concerned for my safety: Fernando Messer, Assistant Inmate Systems Manager; Captain Michael Bollinger; and Cynthia Lord, Human Resources Manager. Following these discussions, you changed my hours from 7:30 a.m. - 4:00 p.m. to 6:00 a.m. – 2:30 p.m. To date, this is the only action that you have authorized "to protect" me.

On April 24, 2002, I met with your designee, Jerry Martinez, Associate Warden, and Lois Swiderski, Assistant Human Resources Manager. When I explained to Mr. Martinez and Ms. Swiderski that I still felt my safety was jeopardized as Mr. Reynoso, through his job capacity, is still able to access my work schedule, emergency contact and other information, Ms. Swiderski stated, "Well, what's the difference in your safety between here and home? At least when he's at work you know where he is." When I explained that in the past Mr. Reynoso told me that he would watch me while at work through the surveillance cameras in the compound and would later harass me about whom I was talking with, Mr. Martinez replied, "That should have been your first sign." Mr. Martinez did state that he would "contact the Warden today and get back to [me] by the end of the day", but eighteen days later I am still awaiting a solution from Mr. Martinez. These inappropriate responses do not indicate that FMC has the ability to provide for my safety as an employee and as a victim of another employee's violent assault.

It is perplexing to me and to several of my co-workers that FMC continues to allow Mr. Reynoso to remain working at the same facility that I am also employed at while I have an active Abuse Prevention Order against him. It concerns me that after I have explained that Mr. Reynoso has threatened my life and that criminal charges were brought against him, my safety concerns are not being seriously considered.

Please address my concerns.

BOP5110