**EXHIBIT 41**

 

U.S. Deparment of Justice

Federal Bureau of Prisons

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Washington, D.C. 20534

July 7, 2003

Colleen O'Donnell
c/o Samuel M. Rizzitelli, Jr.
26 Prindle Avenue
Derby, Connecticut 06418

                Re: <u>O'Donnell v. Federal Bureau of Prisons</u>
                    EEO Complaint No. P-2003-0165

Dear Ms. O'Donnell:

    This is in further response to your Complaint of Discrimination (Complaint) against the Federal Bureau of Prisons (Bureau) at the Federal Medical Center, (FMC), Devens, Massachusetts. Your Complaint, alleging discrimination on the bases of sex (female), sexual harassment and disability (mental), is considered as filed on March 31, 2003, the date of the post mark, and was acknowledged by letter dated April 14, 2003.

    As the record, developed in your Complaint, did not reflect that you initiated contact with an EEO Counselor in a timely manner, the Bureau, by letter dated May 16, 2003, requested that you provide an explanation of why you waited until January 21, 2003, to bring forth the matters which gave rise to your Complaint. We have determined that your reply, dated May 28, 2003, did not provide a specific explanation in answer to our inquiry, rather, it suggested that the series of discrete acts disclosed during your EEO counseling constitute a continuing violation. Further, your response alluded that you did not "have proof" of the actions of a co-worker which allegedly caused you to be aggrieved.

    Federal regulations found at 29 C.F.R. §1614.107(a)(2) provide that an agency may dismiss a complaint that fails to comply with the applicable time limits contained in 29 C.F.R. §§1614.105, 106 and 204(c). 29 C.F.R. §1614.105(a)(1) requires an aggrieved person to initiate contact with an Equal Employment Opportunity (EEO) Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action.

BOP5135

As noted above, official records of the Bureau reflect that you did not contact an EEO Counselor until January 21, 2003. Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. §1614.105(a)(1) requires an aggrieved person to initiate contact with an EEO Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action. The EEOC has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the forty-five (45) day limitation period is triggered. See Howard v. Department of the Navy, EEOC Request No. 05970852 (February 11, 1999). Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.

EEOC Regulations provide that the Bureau or the EEOC shall extend the time limits when the individual shows that she was not notified of the time limits and was not otherwise aware of them, that she did not know, and reasonably should not have known, that the discriminatory matter or personnel action occurred, that despite due diligence she was prevented by circumstances beyond her control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the Bureau or the EEOC.

Based on information you provided, both during EEO counseling and by your May 28, 2003 response letter, it appears that you reasonably suspected discrimination (sexual harassment resulting in a hostile work environment) as early as April of 2002. In light of this information, it would appear that the events up to January 6, 2003, would be time barred as the allegedly recurring actions of your co-worker should have triggered your awareness and duty to assert your rights.

Your May 28, 2003 letter specifically states that the forty-five (45) day limitation for counselor contact was not triggered until on, or about, January 6, 2003, when you had "proof" of a co-worker's actions and management, allegedly, took no action to restrict contact between you and the co-worker whose actions gave rise to your Complaint. However, based on your description of the alleged events leading up to January 6, 2003, they could be considered to be of such a serious nature that they should have triggered some action on your part. Further, management's actions to prevent your contact with the accused co-worker was in effect far before the final adjudication of his case and, if believed to be discriminatory, should have triggered your awareness and duty to assert your rights long before the events of January 6, 2003.

In justification of your apparent failure to contact an EEO Counselor in a timely manner, your May 28, 2003, response suggests the application of the "continuing violation doctrine." However, the actions you cite during counseling appear to be discrete and, thus, appear not to be amenable to analysis as a continuing violation. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061.

Therefore, based on the information provided in your Complaint, and in consideration of your May 28, 2003 letter, the following issue has been accepted for investigation:

> You allege the Bureau discriminated against you when, on January 8, 2003, you were diagnosed with "Post Traumatic Stress Disorder", rendered unable to work, and management failed to provide a reasonable accommodation.

Mr. Warner Coffman, a Bureau EEO Investigator, will conduct an investigation of the claim, as encapsulated above, in accordance with 29 C.F.R. §1614.108 and the EEO regulations of the U.S. Department of Justice. At the conclusion of the investigation, Mr. Coffman file a report of the investigation and you will be provided a copy of the complete investigative file.

Mr. Coffman will contact you, at which time a date will be set for the initial interview and investigation. You are entitled to have your representative, Samuel M. Rizzitelli, Jr., with you during the interview. Failure to establish a prompt date for the initial interview and the timely execution of your affidavit could result in your Complaint being dismissed for failure to prosecute. You are advised that Mr. Coffman will conduct his investigation on the accepted claim only.

You also have the responsibility for providing the EEO Investigator with a list of witnesses that you wish to be interviewed and any documentation to substantiate your claim.

After careful review, your allegation that, during the period of April, 2002, through January, 2003, a co-worker harassed you and that management failed to restrict his actions, is rejected for investigation and dismissed pursuant to 29 C.F.R. §1614.107(a)(2). 29 C.F.R. §1614.107(a)(2) states, in relevant part, that an agency shall dismiss an entire complaint: That fails to comply with the applicable time limits contained in §§1614.105, 1614.106 and 1614.204(c).

Our decision not to investigate the rejected claim may be reviewed by an EEO Administrative Judge if a hearing is requested on the remainder of your Complaint, but is otherwise not appealable until a final agency action is taken on the remainder of the complaint. If an Administrative Judge believes that all or part of the DOJ's reasons are not sound, your entire Complaint, or all portions not meeting the standards for dismissal, will continue in the hearing process. Your appeal rights for this decision are listed below.

## NOTICE OF RIGHTS

In view of the foregoing, it is the preliminary decision of the Department of Justice (DOJ), pursuant to 29 C.F.R. §1614.107, not to investigate the above-referenced allegations for untimely contact with an EEO Counselor. A copy of this decision will be included in the report of investigation which will be issued on the remainder of your complaint.

The Administrative Judge's decision on the partial dismissal will become part of the Administrative Judge's final decision on your Complaint, and may be appealed by either party after final action is taken on your Complaint.

If you elect a final agency decision by the Complaint Adjudication Office (CAO) without a hearing, the CAO will issue a decision addressing all claims in your Complaint, including a review of the rational for dismissing part of your claims and its findings on the merits of the remainder of your Complaint. You may appeal the final agency decision to the Equal Employment Opportunity Commission.

During the processing of your complaint, you have the responsibility for notifying this office of any change of address.

If at any time you should have any questions concerning the processing of your complaints, please contact F. Clay Ackiss, EEO Specialist, of this office at (202) 514-6165.

Sincerely,

Mina Raskin
EEO Officer