UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLLEEN O'DONNELL,                )
                                  )
        Plaintiff,                )
                                  )    Civil Action No: 04-40190-FDS
        v.                        )
                                  )
ALBERTO R. GONZALES, ATTORNEY     )
GENERAL, U.S. DEPARTMENT          )
OF JUSTICE,                       )
                                  )
        Defendant.                )

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant, Alberto R. Gonzales, the Attorney General for the United States of America, by his attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, hereby submits this Reply Memorandum in Support of his Motion for Summary Judgment dismissing Colleen O'Donnell's Complaint in its entirety.

**A.    THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE**

Plaintiff hopes to survive summary judgment by inventing issues of genuine fact that are clearly not supported by the record. While Plaintiff is careful to cite to the record in support of her proffered "facts" as Local Rule 56.1 requires, a close read of the record reveals that the Plaintiff often overstates or misrepresents what it actually says.[1]  See

---

[1] There are also many assertions in Plaintiff's Statement of Facts that are either inaccurate and immaterial or simply immaterial. Solely for the purposes of this motion, Defendant does not take issue with paragraphs 8, 12, 14, 17, 19, 22-23, 25, 29, 32, 34, 36, 41, 45, 62-63, 65, 70, 76, 82 - 105, and 108 of

paragraphs 21, 47, 52, 58, 61, 66, 106 and 107 of Plaintiff's Statement of Facts ("PSOF").

One such example is in paragraph 58 of Plaintiff's Statement of Facts, where Plaintiff disingenuously claims that, when she asked the Federal Bureau of Prisons ("BOP") to "remove" David Reynoso from the facility, she was not requesting that the BOP "terminate" him. The record evidence demonstrates how meritless this assertion is. The undisputed record shows that at least as early as January 27, 2003, the BOP informed Plaintiff that it could not grant her request that Mr. Reynoso be terminated. See Letter from Warden Winn to Plaintiff, dated January 27, 2003, attached to Defendant's Statement of Facts ("DSOF") as Exhibit 33. Plaintiff never, until her deposition, corrected the BOP's belief that Plaintiff's accommodation request was that it fire Mr. Reynoso. Further, Plaintiff's treating psychiatrist noted on July 15, 2002, that Plaintiff believed the BOP should fire Mr. Reynoso and that on January 28, 2003, she indicated that she was pursuing his termination. See Notes by Dr. Milowe, dated July 15, 2002, and January 28, 2003, attached hereto as Exhibit A. Pursuant to Local Rule 56.1,[2] the Court must ignore these

---

Plaintiff's statement because they are immaterial.

[2] Local Rule 56.1 states in relevant part: "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." L.R. 56.1.

- 2 -

unsupported statements and summarily strike them from her papers.[3]

The Defendant's Statement of Facts, however, is supported properly and not properly opposed on the facts discussed above. Because Plaintiff fails properly to controvert those facts, the "material facts of record set forth in [the government's concise statement of material facts] will be deemed for purposes of the motion to be admitted by [Plaintiff] . . . ." L.R. 56.1; see also Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003)("[b]ecause the [plaintiff] did not controvert the statement of undisputed material facts that the defendants filed with their summary judgment motion, we deem those facts admitted"); GE Capital Healthcare Fin. Servs. v. Fall River Walk-In Emergency Med. Office, P.C., CA NO. 02-11789-RCL, 2004 U.S. Dist. LEXIS 75, *3 (D. Mass. Jan. 7, 2004). As such, the Court must take the government's proffered facts as true and undisputed. Given that the material facts are undisputed, this Court need only apply the law to resolve the Complaint.

---

[3] The remainder of Plaintiff's Statement of Facts (namely, paragraphs 15, 29, 53-54, 59, 68, and 78) contain nothing more than argumentative statements - most of which lack any support. In some of these paragraphs, Plaintiff, at best, raises as an issue the range of permissible inferences the Court can make from the undisputed facts. This, however, does not create an issue of material fact. See, e.g., Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 28 (1st Cir. 2003).

B.   **PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM FAILS AS A MATTER OF LAW**

Plaintiff cannot establish her failure to accommodate claim as a matter of law. First, as discussed in detail in Defendant's Memorandum of Law, Plaintiff cannot demonstrate that she had a physical or mental impairment during the relevant time period. See Toyota Motor Mfg. v. Williams, 534 U.S. 184, 194 (2002). Plaintiff chiefly relies on her medical record as proof that she had PTSD since the time she first requested an accommodation from the BOP in January 2003. However, both the Plaintiff's and Defendant's expert witnesses testified that, although Dr. Milowe diagnosed Plaintiff with PTSD, based on her medical records they could not state to a reasonable medical degree that Plaintiff actually met the criteria for PTSD (as outlined in the Diagnostic and Statistical Manual of psychiatry) during the relevant time period. Deposition of Victor Carbone, pp. 91-93, attached to DSOF as Exhibit 68; Deposition of Allison Fife, M.D., pp. 57-58, attached hereto as Exhibit B.

Second, even assuming *arguendo* that the Court finds Plaintiff suffered from a qualified disability, Plaintiff cannot establish that the BOP failed to provide her with reasonable accommodations. The crux of Plaintiff's argument on this point, that the BOP should have terminated Reynoso, is a poorly disguised attempt to divert the Court's attention from the sole issue at this stage of the analysis: Did the BOP fail to provide

- 4 -

Plaintiff with a reasonable accommodation for her PTSD that would have enabled her to perform the essential functions of her job. See Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 109 (1st Cir. 2005). Whether or not Defendant's discipline of Mr. Reynoso was severe enough in light of his purported "criminal record" is completely irrelevant. This is not a negligent hire or supervision case.

The record is clear, and Plaintiff does not dispute, that Plaintiff's treating psychiatrist, Dr. Milowe, opined, first on January 8, 2003, that "If the patient's assailant was not on her work premises at all, Ms. O'Donnell would be able to work full-time without restrictions"; and later on January 31, 2003, "that [Plaintiff] not be required to work in the same facility at the same time as Mr. Reynoso." See Exhibits 21 and 39 to DSOF. It is also undisputed that at the time of Dr. Milowe's letters to the BOP, the agency had restricted Mr. Reynoso to a separate facility from Plaintiff and rescheduled him to a work shift different from Plaintiff's. Therefore, the BOP had already provided Plaintiff a work scenario, that according to her treating doctor, would have enabled her to perform the essential functions of her job. Accordingly, as a matter of law, regardless of whether this scenario predated Dr. Milowe's request, the BOP was providing a work scenario that accommodated her purported disability.

Plaintiff places heavy emphasis on her expert witness's opinion to undermine this fact; namely that the work scenario that Dr. Milowe requested was insufficient to accommodate Plaintiff's PTSD. Dr. Carbone's opinion, however, is completely irrelevant. Obviously, the parties were not privy to Dr. Carbone's opinion in January 2003 when Plaintiff first made the BOP aware of her alleged disability. The parties had only the opinion of Dr. Milowe. Certainly, Defendant cannot be found to have failed to provide Plaintiff the accommodation *Dr. Carbone* recommends today, approximately three years after the parties began the interactive process, and which exceeds Dr. Milowe's requested accommodation. Such an expectation would be unreasonable. Moreover, the fact that Plaintiff and Dr. Carbone believe that the BOP should have terminated Mr. Reynoso does not save her claim from summary judgment. Indeed, while Plaintiff may have been entitled to a reasonable accommodation - and it is clear that the BOP was providing one by maintaining the work arrangement - she is not entitled to one of her choice. See, e.g., Bryant v. Caritas Norwood Hosp., 345 F.Supp.2d 155, 168-69 (D. Mass. 2004).

Moreover, Plaintiff does not deny that at some point she stopped cooperating with the BOP; instead, she argues that her PTSD is to blame for her failure to provide the BOP with additional documentation of her alleged disability. Even if PTSD

- 6 -

caused Plaintiff's unresponsiveness, this cannot excuse her failure to engage in the interactive process. See, e.g., Templeton v. Neodata Servs, Inc., 162 F.3d 617, 619 (10th Cir. 1998) (where employee failed to provide necessary medical information for interactive process, she was precluded from claiming employer failed to accommodate her disability). This failure also precludes her from establishing that the BOP had adequate knowledge of her disability. See Calero-Cerezo v. United States DOJ, 355 F.3d 6, 20 (1st Cir. 2004).

It should be clear from the record that there is no basis for Plaintiff's contention that the BOP failed to engage in the interactive process because it did contact her or her attorney. The record is clear that the BOP had consistent direct communications with Plaintiff before she directed the BOP to speak with her counsel (and before she ceased participating in the interactive process). See paragraphs 76-84, 90-94, and 117-130 of DSOF. The record is also clear that once Plaintiff authorized the BOP to discuss her purported medical condition with Attorney Samuel Rizzitelli it did so immediately. See paragraphs 96-101, 106, and 107 of DSOF.

Without any discussion, Plaintiff also claims that the BOP failed to accommodate her by denying her requests for leave. This contention is also incorrect. The record evidence shows that, in fact, the BOP granted Plaintiff leave on several

- 7 -

occasions and denied it twice when she failed to submit the required documentation.[4] See paragraphs 81, 84, 117, 121, 122-123, and 126 of DSOF. As such, this claim also fails.

C. **PLAINTIFF'S RETALIATION CLAIM FAILS AS A MATTER OF LAW**

In her Opposition, Plaintiff raises four additional alleged adverse employment actions not addressed in Defendant's Memorandum In Support of His Motion For Summary Judgment: (1) the BOP failed to grant her accommodations for her disability; (2) the BOP continued to have her work under restrictions in order to accommodate Reynoso; (3) the BOP attempted to assign Plaintiff to the camp area; and (4) the BOP failed to recognize her attorney and communicate with him concerning a possible accommodation. These purported actions, however, are not valid adverse employment actions. First, as discussed above, the Plaintiff's contention that the BOP did not grant her leave is simply untrue. See paragraphs 81, 84, 108, 117, 121, 122-123, and 126 of DSOF. And, again, the BOP denied her requests for leave on only three occasions - twice because she failed to submit the required documentation and once because she had just returned to work. Id.

Second, Plaintiff's assertion that the BOP changed her and

___

[4] The BOP also denied her request for two days of leave to attend a wedding, but Plaintiff did not request that leave for the purposes of dealing with her purported disability. See paragraph 108 of DSOF.

- 8 -

Reynoso's work schedules and assignments in order to accommodate Reynoso is completely unsupported by the record. Warden Winn's undisputed testimony was that he made these changes so that the two would not come into contact together while at work. See Deposition of Warden Winn, pp. 49-51, 131-132, attached to DSOF as Exhibit 4.

Third, although the BOP offered Plaintiff the choice of reassigning to the camp - which she initially accepted - the BOP never placed her at the camp. See paragraphs 138-140 of DSOF. Such an offer does not, as a matter of law, constitute an adverse employment action. See, e.g., Cole v. Ruidoso Municipal School, 43 F.3d 1373, 1381 (10th Cir. 1994); Davis v. Emery Worldwide Corp., 267 F.Supp.2d 109, 124 (D. Me. 2003).

Fourth, the BOP's delay in communicating with Attorney Rizzitelli about Plaintiff's purported medical condition was due to her failure to authorize such communication. Plaintiff admitted to her failure during her deposition. Deposition of Colleen O'Donnell, p. 195, attached to DSOF as Exhibit 1. Moreover, this delay, even if it were caused by the BOP, is not an adverse employment action under Title VII. See e.g. Blackie v. State of Maine, 75 F.3d 716, 725 (1st Cir. 1996).

Moreover, at the final stage of the McDonnell Douglas analysis, Plaintiff is required to show, unassisted by the original inference of discrimination, that the BOP's proffered

reason for its employment decisions is actually a pretext for unlawful discrimination. Thomas v. Eastman Kodak Co., 183 F.3d 38, 57-58 (1st Cir. 1999), cert. denied, 528 U.S. 1161 (2000) ("The plaintiff must present sufficient evidence to show both that 'the employer's articulated reason for laying off the plaintiff is a pretext' and that 'the true reason is discriminatory.'") (citation in parenthetical omitted); Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991). "In assessing pretext, a court's 'focus must be on the perception of the decisionmaker,' that is, whether the employer believed its stated reason to be credible." Mesnick, 950 F.2d at 825 (citations omitted). "It is not enough for a plaintiff merely to impugn the veracity of the employer's justification; he must 'elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive: [unlawful] discrimination.'" Id. Plaintiff can satisfy this burden through circumstantial evidence, such as, statistical evidence showing disparate treatment of members of Plaintiff's protected class, comments by decision makers that denigrate members of his class, and other incidences of differential treatment in the workplace. Id. at 824.

Although Plaintiff benefits from all reasonable inferences favorable to her, she "may not rest upon mere allegations; she

- 10 -

must set forth *specific* facts demonstrating that there is a genuine issue for trial." Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988) (emphasis added). She cannot survive summary judgment with "unsupported allegations and speculations," but rather must "point to specific facts detailed in affidavits and depositions -- that is, names, dates, incidents, and supporting testimony -- giving rise to an inference of discriminatory animus." Lipsett v. Univ. of Puerto Rico, 864 F.2d 811, 895 (1st Cir. 1988).

Plaintiff cannot meet this burden. Indeed, in response to the BOP's non-discriminatory, legitimate reasons for taking the challenged actions, Plaintiff simply questions the reasons without presenting any evidence demonstrating that her engagement in protected activity was a "determining factor" in any of the BOP's decisions. See Mesnick, 950 F.2d at 825; see also Thomas, 183 F.3d at 57-58. Accordingly, her retaliation claims fail.

- 11 -

**D.   CONCLUSION**

For the foregoing reasons, and for those contained in the Defendant's Memorandum in Support of His Motion for Summary Judgment, this Court should enter summary judgment for the Defendant dismissing Plaintiff's Complaint in its entirety.

                                         Respectfully submitted,
                                         Michael J. Sullivan
                                         United States Attorney

                                By:   /s/Damian W. Wilmot
                                       DAMIAN W. WILMOT
                                       Assistant U.S. Attorney
                                       Moakley Federal Courthouse
                                       One Courthouse Way, Suite 9200
                                       Boston, MA 02110
Dated: May 1, 2006                 (617) 748-3398